UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMIE MANNING, | : | |
| Petitioner, | : | Civil Action No. 20-cv-7897 (BRM) |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

Before the Court is Petitioner Jamie Manning's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] (ECF No. 7, "Motion".) For the reasons set forth below, and for good cause appearing, Petitioner's § 2255 Motion is **DENIED** and a certificate of appealability will not issue.

**I. BACKGROUND**

On October 10, 2014, Petitioner was charged via superseding indictment with conspiracy to commit carjacking, 18 U.S.C. § 371 (Count One); carjacking, 18 U.S.C. § 2119(1) and (2) (Counts Two, Four, and Six); use of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii) and (2) (Count Three, Five, Seven), attempted carjacking, 18 U.S.C. § 2119(1) and (2) (Count Eight); and use of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii) and (2) (Count Nine). (Crim. Docket No. 14-326, ECF No. 40.) Following a jury trial, Petitioner convicted on all counts of the superseding indictment on April 30, 2015. (*Id.*, ECF Nos. 58, 61, and 64). On June 18, 2016, the Honorable William H. Walls, United States District

---

[1] On October 18, 2021, the Court provided Petitioner with leave to file a memorandum in support of his Motion within 120 days of the date of the Court's order. (ECF No. 9.) Petitioner has failed to file any memorandum. As such, the Court will now rule on his Motion. (ECF No. 7.)

Judge, District of New Jersey, sentenced Petitioner to 564 months' imprisonment and five years' supervised release. (*Id.*, ECF No. 79.)

On June 29, 2020, Petitioner filed a *pro se* Motion to Vacate, Set Aside or Modify Sentence, Pursuant to 28 U.S.C. § 2255. (ECF No. 1.) On July 10, 2020, the Court found Petitioner did not use the habeas form supplied by the Clerk for section 2255 motions, i.e., AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014) and ordered the matter administratively terminated. (ECF No. 6.) The Court instructed Petitioner that if he wished to reopen this matter, he should notify the Court and include the appropriate §2255 form. (*Id.*) On August 11, 2020, Petitioner filed his §2255 Motion on the correct form, arguing his conviction under § 924(c) must be vacated because the predicate conviction for carjacking, 18 U.S.C. § 2119(1), is not a "crime of violence." (ECF No. 7.)

## II. LEGAL STANDARD

This Court is required to screen Petitioner's Motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts. Rule 4 requires judges to review and *sua sponte* dismiss petitions without ordering a responsive pleading "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988) (summary dismissal is warranted where the petition contains vague and conclusory allegations).

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws of

> the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied*, 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003). A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005).

### III. DECISION

The Court construes Petitioner's motion to vacate sentence as arguing that his §924(c) conviction must be overturned because it was dependent upon his conviction for carjacking, which no longer qualifies as a crime of violence under the rule announced by the Supreme Court in *United States v. Davis*, ––– U.S. –––, 139 S. Ct. 2319, 204 L.Ed.2d 757 (2019).

Section 924(c) provides, in relevant part:

> any person who, during and in relation to a *crime of violence* or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

3

> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. §924(c)(1)(A) (emphasis added). The term "crime of violence" in § 924(c)(1)(A) is explicitly defined in 18 U.S.C. § 924(c)(3) to mean a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Section 924(c)(3)(A) is known as the statute's "elements clause," while § 924(c)(3)(B) is known as the "residual clause." The residual clause's constitutionality was addressed in *Davis*, where the Supreme Court concluded that the residual clause was unconstitutionally vague. 139 S. Ct. at 2325–2333. Therefore, for a crime to fall within the definition of a "crime of violence" under section 924(c), it must satisfy the elements clause. *Id.* Under the elements clause, a crime constitutes a valid "crime of violence" where the "offense is a felony" and it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at 2324.

Petitioner's conviction for carjacking constitutes a crime of violence under §924(c) elements clause. The Third Circuit Court of Appeals addressed this issue in a non-precedential decision and found carjacking in violation of 18 U.S.C. § 2119 is a crime of violence under § 924(c)'s elements clause. *United States v. Smith*, No. 19-2257, 2021 WL 2135947 (3d Cir. May 11, 2021). The Third Circuit held that "reasonable jurists would not debate the conclusion that carjacking in violation of 18 U.S.C. § 2119 categorically constitutes a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A)." 2021 WL 2135947 at *1. While that decision is non-precedential, the Third Circuit Court of Appeals issued a precedential opinion finding a bank

4

robbery statue with the same language as the carjacking statute at issue here satisfies §924(c)'s elements clause.[2] *United States v. Wilson*, 880 F.3d 80, 82 (3d Cir. 2018). Additionally, numerous other circuit courts have held carjacking in violation of § 2119 is a crime of violence under § 924(c)'s elements clause. *See United States v. Felder*, 993 F.3d 57, 79 (2d Cir. 2021); *Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019); *United States v. Evans*, 848 F.3d 242, 246–48 (4th Cir. 2017); *United States v. Jones*, 854 F.3d 737, 740-41 (5th Cir. 2017); *United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019). For these reasons, the Court find Petitioner's conviction for carjacking in violation of §2119 is a crime of violence under the elements clause of §924(c)(3)(A). Therefore, Petitioner's conviction under §924(c) is valid and Petitioner's §2255 Motion is dismissed.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability shall issue.

---

[2] The bank robbery statute reads: "Whoever *by force and violence, or by intimidation*, takes, or attempts to take, from the person or presence of another . . . ." 18 U.S.C. § 2113(a). The carjacking statute reads: "Whoever, with the intent to cause death or serious bodily harm, takes a motor vehicle . . . from the person or presence of another *by force and violence or by intimidation*, or attempts to do so . . . ." 18 U.S.C. § 2119. (Emphasis added as to both excerpts).

5

## V. CONCLUSION

For the reasons stated above, Petitioner's motion to vacate sentence (ECF No. 7) is **DENIED** and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

Dated: April 13, 2022

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**
